I disagree that Terry's claim against Alexsis, Inc. is barred by the doctrine of sovereign immunity. Alexsis is a private enterprise hired by the state agency as an independent contractor to administer claims made by injured employees. Because it is an independent contractor, I do not believe that it is immune from lawsuits under the doctrine of sovereign immunity. As Justice Jones pointed out in his dissent in Exparte Bowden, 574 So.2d 815 (Ala. 1991), until Bowden, sovereign immunity had not extended to independent contractors doing work for the state. I do not read anything in § 23-1-41, the statute authorizing a self-insurance program for highway department employees, that precludes employees from bringing direct actions against the program's administrator to resolve disputed claims. To bar state highway employees from bringing such claims works a substantial injustice.
As Justices Jones and Shores conclude in their dissenting opinions in Ex parte Bowden, supra, and Alabama State Docks v.Saxon, 631 So.2d 943 (Ala. 1994), to prevent injured workers from bringing claims against independent contractors administering self-insurance programs by allowing the contractors to hide behind the "cloak" of sovereign immunity makes the insurance programs *Page 1324 
seem nothing more than a sham and leaves workers at risk.
Because I do not believe that sovereign immunity can properly be extended to cover an independent contractor hired by a state agency, I must respectfully dissent.